NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANN SCHILDKNECHT and ELLEN HEINE, | : | |
| Plaintiffs, | : | Civil Case No. 13-7228 (FSH) |
| v. | : | **OPINION & ORDER** |
| TOWNSHIP OF MONTCLAIR and COMMISSIONER OF DEPARTMENT OF COMMUNITY AFFAIRS, | : | Date: March 4, 2014 |
| Defendants. | : | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the Township of Montclair's ("Defendant" or "the Township") Motion to Dismiss. (Dkt. No. 14.) The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Federal Rule of Civil Procedure 78.[1] Plaintiffs, who have had ample time to respond, have not opposed the Township's motion.[2]

---

[1] This Opinion and Order only addresses the Township of Montclair, the only party to be served as of the date of this Order.

[2] When considering a *pro se* complaint, the Court is mindful that it must construe the complaint liberally in favor of the plaintiff. *See Erikson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id*.

I.  **PROCEDURAL HISTORY**

Ann Schildknecht ("Schildknecht") and Ellen Heine ("Heine") filed their initial complaint against the Township on November 29, 2013. (Dkt. No. 1.) At the same time, the Plaintiffs requested an injunction against the Township. (Dkt. No. 3.) Plaintiffs filed an amended complaint on December 9, 2013 naming the Commissioner of the Department of Community Affairs as an additional defendant. (Dkt. No. 5.) On December 20, 2013, the Court denied Plaintiffs' request for a preliminary injunction on the basis that Plaintiffs did not show a likelihood of success on the merits—indeed, the Township's filings showed that Schildknecht's deplorable and dangerous living conditions necessitated emergency intervention by the police, the fire department, and animal control.[3]

II.  **BACKGROUND**

The amended complaint alleges that the Defendants violated Plaintiffs' procedural due process rights by removing Schildknecht from her home and preventing Heine from entering Schildknecht's home. Plaintiffs also allege that Defendants discriminated against them in violation of the Fair Housing Act. (Dkt. Nos. 1 & 5.) Plaintiffs allege jurisdiction based on 42 U.S.C. § 1983 and 42 U.S.C. § 3601, *et seq*. (Dkt. Nos. 1 & 5.) Following briefing, the Court denied Plaintiffs' request for emergency injunctive relief. (Dkt. No. 9.) On January 28, Plaintiffs filed a second amended complaint without leave of the Court. (Dkt. No. 10.) Plaintiffs' second amended complaint is premised on the same alleged violations of § 1983 and

---

[3] As described in more detail in the denial of the preliminary injunction, first responders could not even enter the home due to the refuse and odor coming from the home. The responders finally entered the home once they donned Level-B hazmat suits, and they discovered garbage, animal cages filled with feces, and no running water in the home.

the Fair House Act. (Dkt. No. 10.) Plaintiffs seek money damages from Defendants. (Dkt. No. 10.)

### III.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a

document *integral to or explicitly* relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotation marks omitted) (emphasis in original).

## IV. ANALYSIS

The Township moves to dismiss Plaintiffs' claims under Rule 12(b)(1), Rule 12(b)(6), and due to a lack of standing with respect to Plaintiff Heine.

### a. Section 1983 Claim

"[W]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York, Pa.*, 564 F.3d 636, 657 (3d Cir. 2009); *see also Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). A municipality may also be liable "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." *See*, *e.g.*, *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). On the other hand, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

In this case, Plaintiffs' complaints do not allege that there is any specific policy, regulation, or decision adopted by the Township that resulted in the alleged Constitutional violations. Nor do Plaintiffs allege that the Township inadequately trained its employees.[4]

---

[4] Plaintiffs' "Fourth Count" appears to relate to the New Jersey Department of Community Affairs. (*See* Dkt. No. 10.)

Instead, Plaintiffs allege that Schildknecht was discriminated against on the basis of disability but fail to provide any factual basis for this legal conclusion. (Dkt. Nos. 1 & 5.) The amended complaint also alludes to an alleged deprivation of property without due process, but fails to provide any factual basis for this legal conclusion. These allegations fail to provide any basis for § 1983 liability with respect to the Township.[5] "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted). Because Plaintiff's second amended complaint (Dkt. No. 10) fails to provide sufficient factual basis or identification of the right alleged to have been violated, Plaintiffs claims will be dismissed.

### b. Fair Housing Act Claim

Plaintiffs allege that the Township has denied them the use of housing in violation of the Federal Fair Housing Act, § 3601, *et seq*. The Township argues that the Federal Fair Housing Act does not apply to Plaintiff's claims.

The Federal Fair Housing Act bars discrimination in the sale or rental of housing. 42 U.S.C. § 3604 (titled "Discrimination in the sale or rental of housing and other prohibited practices"); *see also United States v. Henshaw Bros., Inc.*, 401 F. Supp. 399, 402 (E.D. Va. 1974) ("The Fair Housing Act of 1968 (42 U.S.C. § 3601 et seq.) which prohibits discrimination

---

[5] Plaintiffs also make a vague allegation that certain state statutes violate a New Jersey Appellate Division decision, *i.e.*, *State v. Heine*. (Dkt. No. 10.) But it is not clear what right Plaintiffs allege was violated in this case or which particular statute allegedly violates *State v. Heine*. *State v. Heine* is a criminal appeal involving Plaintiff Heine. *See State v. Heine*, 424 N.J. Super. 48 (App. Div. 2012), *appeal dismissed*, 213 N.J. 384 (2013). In *State v. Heine*, the New Jersey Appellate Division addressed administrative searches and the Fourth Amendment. It is not clear from Plaintiffs' allegations how *State v. Heine* relates to this matter, what right was allegedly violated, or how that right was allegedly violated.

in the housing market based on race, color, religion or national origin, was enacted so as to bar all racial discrimination, private as well as public, in the sale and rental of real property.") Simply put, Plaintiffs do not allege discrimination in connection with the sale or rental of housing. Plaintiff alleges that the Township has violated 42 U.S.C. § 3617 through "[i]nterference, coercion, or intimidation enforcement by civil and criminal action to keep people off the property." (Dkt. No. 10.) But § 3617 states that it "shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Because Plaintiffs have failed to describe a violation of any right protected by Sections 3603, 3604, 3605, or 3606 (*i.e.*, discrimination in the sale or rental of housing), they have failed to plead a violation of the Fair Housing Act.[6]

## V. CONCLUSION AND ORDER

Accordingly, **IT IS** on this 4th day of March, 2014,

**ORDERED** that the Township of Montclair's Motion to Dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that, having filed three complaints without providing a factual basis for their claims, Plaintiffs' Complaints (Dkt. Nos. 1, 5, & 10) are **DISMISSED** with respect to the Township; and it is further

**ORDERED** that Plaintiffs' motion to consolidate (Dkt. No. 15) is **DENIED** as **MOOT**; and it is further

---

[6] Plaintiffs' allegations related to the Fair Housing Act also lack sufficient factual support in the complaint and are merely a set of legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

**ORDERED** that the Clerk of the Court is to mail a copy of this Order to the *pro se* Plaintiffs.

                      **IT IS SO ORDERED.**

                      **/s/ Faith S. Hochberg_____**
                      **Hon. Faith S. Hochberg, U.S.D.J.**